**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3677
_____

HAKIM ALI BRYANT,
                              Appellant

v.

CITY OF PHILADELPHIA;
POLICE OFFICER CHIM, City of Philadelphia Police Officer #2529;
POLICE OFFICER CULLEN, Badge No. #1763;
POLICE OFFICER FERRERO, Badge No. #9598
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-03871)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2013
Before:  SLOVITER, GREENAWAY, JR., and BARRY, <u>Circuit Judges</u>

(Opinion filed: April 8, 2013)
_____

OPINION
_____

PER CURIAM

Hakim Ali Bryant commenced a pro se action in the District Court pursuant to 42 U.S.C. § 1983, naming as defendants the City of Philadelphia and Police Officers Quay Chim, Joseph Ferrero, and Kevin Cullen. Bryant's complaint asserted claims under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, alleging that his civil rights were violated during his arrest for a drug offense in downtown Philadelphia. The District Court granted summary judgment on most of Bryant's claims, preserving for trial only his claims against Ferrero and Cullen for excessive force, malicious prosecution, abuse of process, and failure to intervene. A bench trial was held, at which Bryant proceeded pro se.[1] At the close of Bryant's evidence, the District Court granted the defendants' motion for judgment as a matter of law, except as to Bryant's claims against Ferrero for excessive force and Cullen for failure to intervene. Following trial, the Court entered judgment in favor of the defendants on those claims. Bryant filed this pro se appeal.[2]

I.

---

[1] The District Court held a pretrial conference during which it gave Bryant 30 days to consult with at least three attorneys to inquire whether they would represent him. Bryant later informed the District Court that he was unable to retain counsel, and the Court thereafter scheduled a non-jury trial in accordance with Bryant's request.

[2] Bryant's appellate brief does not challenge the District Court's pretrial award of summary judgment or its decision to grant the defendants' motion for judgment as a matter of law on several claims at the close of Bryant's evidence. We therefore do not consider those issues. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("[a]n issue is waived unless a party raises it in its opening brief").

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's findings of fact for clear error, and exercise plenary review over its conclusions of law. See Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 515 (3d Cir. 2012). We will affirm.

II.

In 2010, Bryant was in the vicinity of 10th and Market Streets in downtown Philadelphia. Officers Ferrero and Cullen were patrolling the area in plainclothes for narcotics activity. Ferrero testified that he was walking northbound behind Bryant when he observed Bryant stop in the middle of the block near two other individuals. Ferrero was on the phone with Cullen, who was standing on the other side of Market Street. Ferrero informed Cullen that he believed a drug transaction was about to take place. As Ferrero walked past Bryant, he saw Bryant hand money to one of the individuals in exchange for several pills. Ferrero alerted Cullen to what he had seen. At that point, Cullen crossed the street, informed Bryant and the other two individuals that he was a police officer, and demanded to see their hands. Cullen testified that Bryant began running down Market Street before being tackled by Ferrero. He then unsuccessfully attempted to swallow the pills he had purchased before Ferrero placed him under arrest.

Bryant told a different story, denying that he took part in a narcotics transaction. Bryant testified that he was walking out of the Gallery Mall onto Market Street when two individuals approached him and attempted to sell him SEPTA tokens. According to Bryant, as he reached into his pocket for money, Cullen drew his gun and threatened to shoot him. Bryant stated that he got on the ground, at which point Ferrero kicked him in

3

the face and either kneed or kicked his back. Ferrerro admitted that he tackled Bryant to the ground in order to prevent him from evading arrest, but denied that he ever kicked or kneed him. When Ferrero brought Bryant up from the ground, Bryant had a small cut on the right side of his face. Bryant later received an evaluation at a hospital, which revealed no evidence of a fracture, and subsequently followed up with his primary care doctor, who noted some mild swelling and tenderness. As a result of the arrest, Bryant pleaded guilty to a misdemeanor drug possession charge and received probation.

Following trial on Bryant's § 1983 claims, the District Court issued a memorandum setting forth its findings of fact and conclusions of law. See Fed. R. Civ. P. 52(a). The Court found that Bryant's arrest occurred as the result of an illegal drug transaction, explaining that the defendants' version of the facts was more persuasive than Bryant's. The Court noted that the defendants had provided corroborating evidence that Bryant was engaged in a drug transaction, and that Bryant later pleaded guilty to that charge. The Court also found Ferrero's and Cullen's testimony more credible with respect to the circumstances of the arrest, stating that the defendants provided consistent testimony regarding Bryant's attempt to elude apprehension and Ferrero's use of force to subdue him. The Court further observed that Bryant's credibility with respect to the circumstances of the arrest was undercut by his continued insistence that no drug deal took place. After setting forth its findings of fact, the Court concluded that, as a matter of law, Bryant could not succeed on his claims that Ferrero used excessive force and Cullen failed to intervene. Accordingly, it entered judgment in favor of the defendants.

4

## III.

On appeal, Bryant argues that the District Court's findings of fact were prejudicial and erroneous. He asserts that the evidence he presented at trial "was more believable than Defendants' case," that he was not involved in a drug transaction on the day of his arrest, and that Ferrero's testimony regarding what he overheard Bryant say to the other individuals on Market Street was inconsistent with the arrest report. He also complains that the District Court failed to acknowledge that he is disabled, and points to a number of statements in the Court's memorandum that he believes are contradicted by the record.

In reviewing the District Court's findings of fact for clear error, we "must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). Our review of the District Court's factual findings under the clearly erroneous standard is even more deferential with respect to credibility determinations. See United States v. Igbonwa, 120 F.3d 437, 440-41 (3d Cir. 1997). We are convinced that the District Court's factual findings in this case were not clearly erroneous. The Court's conclusion that Bryant was tackled by Ferrero after engaging in a drug transaction and attempting to evade arrest was supported by consistent testimony from the defendants and by corroborating evidence. We are not persuaded by Bryant's arguments to the contrary.

Having determined that the District Court's findings of fact were not clearly erroneous, we agree that Bryant's § 1983 claims are meritless. Bryant cannot succeed on his excessive force claim because Ferrero's tackling him to the ground in order to prevent him from evading arrest by flight was objectively reasonable under the circumstances.

See Graham v. Connor, 490 U.S. 386, 396 (1989); Curley v. Klem, 499 F.3d 199, 207 (3d Cir. 2007).  In the absence of demonstrating that Ferrero engaged in excessive force or committed another constitutional violation, Bryant cannot succeed on a claim of failure to intervene against Cullen.  See Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002).[3]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Bryant's brief also advances an argument that counsel for the defendants allegedly answered interrogatories on their behalf without their approval.  We find no error in the District Court's resolution of this issue for the reasons expressed in its memorandum.